UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RODNEY WHITE,** | § |
| Plaintiff, | § Civil Action No.: |
| v. | § |
| **FINANCIAL MANAGEMENT SYSTEMS, INC. d/b/a FMS SERVICES, INC.,** | § **JURY TRIAL DEMANDED** |
| Defendant. | § |

## COMPLAINT

RODNEY WHITE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against FINANCIAL MANAGEMENT SYSTEMS, INC. d/b/a FMS SERVICES, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Texas Debt Collections Practices Act, Tex. Fin. Code Ann. § 392.301 *et seq.* ("TFDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Supplemental jurisdiction over all state law claims is proper pursuant to 28 U.S.C. § 1367 et seq.

4. Defendant conducts business in the State of Texas and therefore personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in Houston, Texas.

6. Defendant is a national debt collection company with headquarters located at 1701 Golf Road, Suite 2-150, Rolling Meadows, IL 60008.

7. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6) and Tex. Fin. Code Ann. § 392.001(6); and, Defendant attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5) and Tex. Fin. Code Ann. § 392.001(2).

8. Defendant regularly conducts business in the State of Texas, thus personal jurisdiction is established.

9. Defendant acted through its agents, collectors, employees, officers, members, directors, assigns, principals, and representatives.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, related to a student loan.

11. The debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12. Between November 2013 and December 2013, Defendant's collectors, including Don Kalnan, placed repeated harassing telephone calls to Plaintiff's home telephone number.

13. Defendant's calls originated from numbers including 877-291-8405, which the undersigned has confirmed belongs to Defendant.

14. During one call on December 16, 2014 at 9:42am, Defendant's collector Don Kalnan failed to confirm he was speaking with the correct individual, yet indicated to Plaintiff that Defendant had Plaintiff's account since October 2013, the last payment was in 1990, and that the debt was listed on Plaintiff's credit report affecting his credit score.

15. Plaintiff was upset and shocked by these remarks as the debt was not listed on the most recent credit report he had viewed, and Defendant's collector completely failed to confirm he was the correct person before disclosing this highly personal information.

16. Plaintiff told Mr. Kalnan that he never received anything in writing from the Defendant and that he wanted the calls from Defendant to stop.

17. Despite Plaintiff's clear indication that Defendant's collection calls were unwanted, Mr. Kalnan continued attempting to collect the debt, indicating that he was calling to set up a payment arrangement and that Plaintiff should hold so he could get his supervisor on the phone.

18. Plaintiff then terminated the call.

19. Further, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notice setting forth her rights to dispute the debt and/or seek verification of the debt pursuant to the FDCPA.

20. Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

## COUNT I
## **DEFENDANT VIOLATED § 1692d OF THE FDCPA**

21. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

22. Defendant violated § 1692d when it placed repeated harassing calls to Plaintiff, when it persisted in speaking with Plaintiff despite his clear indication the calls were unwanted, when it continued to call with knowledge Plaintiff wanted calls to cease, and when it engaged in other harassing, oppressive, and abusive conduct.

## COUNT II
## **DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA**

23. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

24. Defendant violated § 1692d(5) when it placed repeated harassing calls to Plaintiff.

## COUNT III
## **DEFENDANT VIOLATED §§ 1692e AND 1692e(10) OF THE FDCPA**

25. A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

26. A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

27. Defendant violated §§ 1692e and 1692e(10) when its collector represented this debt was reported on Plaintiff's credit report although Plaintiff had recently checked it and the debt was not reported.

## COUNT IV
## **DEFENDANT VIOLATED § 1692f OF THE FDCPA**

28. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

29. Defendant violated § 1692f when it harassed Plaintiff regarding the alleged debt; when it made misrepresentations to Plaintiff concerning reporting of the debt to the credit bureaus; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

## COUNT V
## **DEFENDANT VIOLATED § 1692g(a) OF THE FDCPA**

30. A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt

collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

31. Defendant violated § 1692g(a) when it failed to send written notification, within five (5) days after its initial communication with Plaintiff, advising her of her rights to dispute the debt or request verification of the debt, as well as the name of the original creditor and the amount of the debt.

## COUNT VI
## **DEFENDANT VIOLATED § 392.302(4) OF THE TFDCPA**

39. A debt collector violates § 392.302(4) of the TFDCPA by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

40. Defendant violated § 392.302(4) of the Texas FDCPA by causing Plaintiff's home telephone to ring repeatedly or continuously with the intent of annoying and harassing the person at the called number, as it called Plaintiff on a daily basis.

WHEREFORE, Plaintiff, RODNEY WHITE, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b); and

   d.  Any other relief deemed appropriate by this Honorable Court.

              RESPECTFULLY SUBMITTED,

Dated: September 17, 2014   KIMMEL & SILVERMAN, P.C.

              By: /s/ Amy L. Bennecoff
              Amy L. Bennecoff
              30 East Butler Pike
              Ambler, Pennsylvania 19002
              Phone: (215) 540-8888
              Facsimile (877) 788-2864
              Email: abennecoff@creditlaw.com